CHRISTEN, Circuit Judge,
concurring:
I agree with the panel that this was not a border stop. The Coast Guard did not seize Sanchez at a U.S. port of entry, nor did the evidence show that Sanchez’s boat had sailed from international waters. See United States v. Villamonte-Marquez, 462 U.S. 579, 591-93, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983); United States v. Tilton, 534 F.2d 1363, 1364-66 (9th Cir. 1976).
The record shows that Sanchez provided identification when he arrived back at the port. The record also shows that the Coast Guard ran several computer searches that yielded negative results. Despite the absence of hits in these various databases, the Coast Guard’s Form 1-213 reflects that the reason for detaining Sanchez was that the Coast Guard “was not able to establish positive identity or nationality.” But Sanchez had provided proof of his identity and the Coast Guard did not put forth evidence that it had any concern that his identification was invalid. Nor did its computer searches give reason for detaining Sanchez. In response to Sanchez’s prima facie showing, the government failed to offer “specific articulable facts” justifying his detention, see 8 C.F.R. § 287.8(b)(2), and therefore violated an immigration regulation intended to benefit Sanchez. Because the violation was clearly prejudicial to Sanchez, see Matter of Garcia-Flores, 17 I. & N. Dec. 325, 328 (BIA 1980), I agree that *915 his removal proceedings must be terminated.